IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TERRICA TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. _____ |
| vs. | ) |
| | ) JURY TRIAL DEMANDED |
| SEPHORA USA, INC. | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

COMES NOW Plaintiff Terrica Taylor ("Plaintiff"), by and through her undersigned counsel of record, and for her Complaint against Defendant Sephora USA, Inc. ("Sephora" or "Defendant") and in support thereof, states as follows:

**PARTIES, JURISDICTION & VENUE**

1. Plaintiff is an individual and a citizen of the State of Missouri with a primary residence at 5615 Wayne Avenue, Kansas City, Missouri 64110.

2. Defendant Sephora is a Michigan corporation registered to do business in the state of Kansas, with its principal offices at 525 Market Street, 32nd Floor, San Francisco, California 94105. Sephora conducts business within Leawood, Johnson County, Kansas and more specifically at a location within Town Center Plaza, commonly known as 5056 W. 119th Street, Suite 300, Leawood Kansas 66209. Defendant Sephora may be served with process through its registered agent Corporation Service Company, 1100 SW Wanamaker Rd. Ste 103, Topeka, KS 66604.

3. Jurisdiction over this claim is provided under 28 U.S.C. §§ 1343, 1331, and 1332. Further, under 28 U.S.C. §§ 1367 and 1332, jurisdiction is provided to hear Plaintiff's state law

claim of false imprisonment in that all claims made herein are so related to each other that they form part of the same case or controversy under Article III of the United States Constitution. Diversity jurisdiction is also present pursuant to 28 U.S.C. § 1332, in that the amount in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000.00) and the parties are citizens of different states.

4. The United States District Court for the District of Kansas has jurisdiction over Defendant because the unlawful acts alleged in this Complaint were committed in Johnson County, Kansas, which lies within the District of Kansas. In addition, Defendant has minimum contacts with the District of Kansas and the State of Kansas.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1931 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Johnson County, Kansas, which lies within the District of Kansas, and because Defendant transacts business within the District of Kansas.

6. Defendant Sephora maintains systematic, continuous, and substantial connections with the state of Kansas and, as such, has personally availed itself of the privilege of conducting activities within the state and is therefore subject to the jurisdiction of this Court. Furthermore, pursuant to K.S.A. § 60-308, specifically subsections (b)(1)(A), (B), (G), and (L), Defendant Sephora is subject to this Court's jurisdiction in that it committed tortious acts or omissions within this State.

**FACTS COMMON TO ALL COUNTS**

7. On or about December 6, 2021, Plaintiff, an African American female, was shopping at Sephora, USA, a cosmetics store located at the Town Center Plaza in Leawood, Johnson County, Kansas.

8. Plaintiff was not greeted as she entered the Sephora store.

9. As Plaintiff entered the store, she noticed that the attention of the store employees was focused on two individuals, an African American man and an African American woman ("Unknown African American Shoppers") who were near the front of the store.

10. Plaintiff did not know and had never met the Unknown African American Shoppers.

11. Plaintiff gave no indication that she knew or was associated with the Unknown African American Shoppers.

12. Plaintiff proceeded to the rear of the store to peruse the perfume section, looking for her a bottle of perfume for her grandmother.

13. Plaintiff continued shopping as the Unknown African American Shoppers exited the store, allegedly having stolen several items.

14. After the Unknown African American Shoppers had exited the store, Plaintiff overheard an employee speaking on the telephone, presumably with the police.

15. Plaintiff continued shopping, and several minutes later, Plaintiff was surprised when she was stopped in the store by Leawood Police Department officers.

16. The Leawood Police Department officers had been called by employees, agents, and/or servants of Sephora.

17. The Leawood Police Department officers informed Plaintiff that she was the suspect of a crime based on allegations received from agents, servants, or employees of Sephora.

18. The Leawood Police Department officers detained Plaintiff in the foyer of the store and prevented Plaintiff from exiting the store or making purchases.

19. The Leawood Police Department officers, based on instigation and encouragement from servants, agents, or employees of Sephora, interrupted Plaintiff's attempts to enter contracts of purchase by detaining Plaintiff and restricting her freedom of movement.

20. The Leawood Police Department officers did not detain at least one Caucasian individual who was in the store at the same time and was allowed to leave the store as Plaintiff was being detained.

21. The only factor connecting Plaintiff with the two Unknown African American Shoppers in the store was the fact that all three of them happened to be African Americans and in the Sephora store at the same time.

22. When questioned, the Sephora employee was unable to provide any plausible, non-race-related reason for suggesting that Plaintiff was associated with the Unknown African American Shoppers.

23. Despite the lack of any relationship between Plaintiff and the Unknown African American Shoppers who had left the store, Plaintiff was detained in the cold of December, in the foyer near the entrance in full public view of the many people walking or driving past the store at Town Center for approximately 30 minutes.

24. Personnel at Sephora, as well as numerous other shoppers and passers-by in the Town Center Plaza were present and witnessed Plaintiff being apprehended and overheard the

false and baseless accusations that Plaintiff had engaged in criminal activity, or otherwise witnessed Plaintiff's detention.

25. Plaintiff has sought mental health treatment and incurred medical expenses as a direct and proximate result of the acts of Defendant described above.

26. On information and belief, Defendant's actions were intentional, racially motivated, were based upon racial stereotypes, and/or were a part of a pattern or practice by Defendant of race discrimination in arresting, detaining, and /or closely monitoring African American shoppers.

## COUNT I

### (Civil Rights Act of 1970, 42 U.S.C. § 1981)

27. Plaintiff hereby adopts, re-alleges, and incorporates by reference the allegations contained in paragraphs 1 through 26 above.

28. Defendant, acting through its employees and agents, caused the detention of Plaintiff, without a factual basis, for an unreasonable time and in an unreasonable manner, because of her race. Defendant did not treat at least one white customer in the same manner.

29. The only commonality between Plaintiff and the two Unknown African American Shoppers in the store was the fact that they were all African Americans.

30. Upon information and belief, Defendant has engaged in a pattern or practice of arresting, detaining, or closely monitoring African American shoppers at a significantly greater rate than it arrests, detains, or monitors white shoppers. Plaintiff's detention was a part of this pattern or practice.

31. By having Plaintiff detained simply because she shared the same skin color of the Unknown African American Shoppers, Defendant intentionally discriminated against Plaintiff based on her race.

32. Defendant therefore deprived Plaintiff of the full and equal benefit of all laws and proceedings for the security of person and property as are enjoyed by white citizens, in violation of 42 U.S.C. § 1981.

33. Plaintiff has been damaged as a direct and proximate result of Defendant's actions. In particular, she has suffered injuries including but not limited to:

    a. inconvenience;

    b. insult;

    c. mental distress;

    d. embarrassment;

    e. humiliation;

    f. anxiety; and

    g. emotional pain and suffering.

34. Defendant's actions were willful, wanton, reckless, and malicious, and further show a complete and deliberate indifference to, and conscious disregard for, the rights of Plaintiff. Therefore, Plaintiff is entitled to an award of punitive or exemplary damages in an amount sufficient to punish Defendant or to deter the Defendant and others from like conduct in the future.

35. Plaintiff is entitled to recover from Defendant reasonable attorney fees as provided by 42 U.S.C. § 1988.

WHEREFORE, Plaintiff prays that this Court, after a trial by jury of her claims, enter a damage judgment against Defendant in an amount in excess of $75,000.00 for general, specific, and exemplary or punitive damages against Defendant, for Plaintiff's reasonable attorneys' fees and costs incurred herein, and for any such further legal and equitable relief as this Court deems appropriate.

## COUNT II

### (False Imprisonment)

36. Plaintiff hereby adopts, re-alleges, and incorporates by reference the allegations contained in Paragraphs 1 through 35 above.

37. Defendant, acting through their agents and employees, caused Plaintiff to be afraid to disregard and oppose the words and actions of Defendant, by which Defendant intentionally and recklessly restrained Plaintiff's liberty against her will.

38. Defendant had no reasonable or legally sufficient cause to believe that Plaintiff had committed a criminal act or was somehow assisting or working with the two Unknown African American Shoppers in the store.

39. Defendant had no other legal excuse for its actions.

40. Plaintiff has been damaged as a direct and proximate result of Defendant's actions. In particular, she has suffered injuries including but not limited to:

    a. inconvenience;

    b. insult;

    c. mental distress;

    d. embarrassment;

  e. humiliation;

  f. anxiety; and

  g. emotional pain and suffering.

41. Defendant's actions were willful, wanton, reckless, and malicious, and further show a complete and deliberate indifference to, and conscious disregard for, the rights of Plaintiff. Therefore, Plaintiff is entitled to an award of punitive or exemplary damages in an amount sufficient to punish Defendant or to deter Defendant or others from like conduct in the future.

WHEREFORE, Plaintiff prays that this Court, after a trial by jury of her claims, enter a damage judgment against Defendant in an amount in excess of $75,000.00 for general, specific, and exemplary or punitive damages against Defendant, for Plaintiff's reasonable attorney fees and costs incurred herein, and for any such further legal and equitable relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury on all claims in this Complaint.

## REQUEST FOR PLACE OF TRIAL

Pursuant to Local Rule 40.2, Plaintiff hereby requests that the trial be held in Kansas City, Kansas.

            Respectfully submitted,

            FOSTER WALLACE, LLC

            By: /s/ *Kimberly R. Wright*
              Kimberly R. Wright, KS #24432
              Michael S. Foster, KS #24011
              4700 Belleview Ave. #304
              Kansas City, MO. 64112
              Phone: 816-249-2101

Fax: 816-249-2170
Email: kim@fosterwallace.com
     michael@fosterwallace.com

ATTORNEYS FOR PLAINTIFF